[S. F. No. 12030. In Bank.—January 11, 1927.]

In the Matter of the Estate of FREDERICK H. KIMBALL, Deceased. CHARLES H. KIMBALL, Appellant, v. CHARLES F. TULLY, as Administrator, et al., Respondents.

[1] ESTATES OF DECEASED PERSONS — WILLS — APPOINTMENT OF ADMINISTRATORS WITH WILL ANNEXED — CONSTRUCTION OF WILL. — Where a testator appointed his widow as sole executrix of his will but provided that if he and his wife should be called by death at the same time other named parties should be appointed as executors, the death of the widow three days after her husband's death, from a cause in no way connected therewith, defeated the right of the parties conditionally appointed as executors.

[2] ID.—APPOINTMENT OF ADMINISTRATOR—POWER OF COURT.—In such a case, where the widow's survival of the testator defeated the right of those named conditionally to act as executors, the court had the power, under section 1426 of the Code of Civil Procedure, after the death of the widow, to appoint qualified persons nominated by the widow, as administratrices with the will annexed, entirely regardless of the validity or invalidity of such nomination.

---

(1) 23 C. J., p. 1022, n. 46.   (2) 24 C. J., p. 1160, n. 11, p. 1164, n. 61 New.

APPEALS from an order of the Superior Court of the City and County of San Francisco denying an application for the appointment of an executor and from an order ap-

---

2. See 11 Cal. Jur. 305.

pointing administrators with the will annexed. Frank H. Dunne, Judge. Affirmed.

The facts are stated in the opinion of the court.

Harry I. Stafford and W. F. Stafford for Appellant.

Edward M. Leonard for Respondents.

RICHARDS, J.—These appeals are from two orders, one from an order denying the application of the appellant to be appointed executor of the last will and testament of Frederick H. Kimball, deceased, and the other an appeal from an order appointing the respondents Charles F. Tully as administrator and Sarah J. Ring as administratrix, with the will annexed, of the estate of said decedent. The facts are not disputed. Frederick H. Kimball died testate in the city and county of San Francisco, leaving his last will and testament, the only portions of which presented for consideration upon these appeals are those relating to the appointment of those who were to act as executrix or executor of said will. These portions of said will read as follows: "To my dearly loved wife and little sweetheart, Charlotte Frances Kimball, I devise and bequeath all of my property real, personal and mixed of whatsoever nature not otherwise provided for in this my last will, and direct said wife Charlotte Frances Kimball to be the sole executrix of this my last will without Bonds or obligations to any one. . . . Should it please the Good Lord to call myself and little Wife at the same time, regardless of who died first, it is my wish that my property shall be equally divided between Sarah Ring, Charles H. Kimball, Harold E. Ring, S. J., Mildred Kielty, Camille Vissas, and they to carry out bequest on reverse side of this sheet, and also Bequests made in the last will of my Dearly Beloved Wife—and Sarah Ring, Charles H. Kimball and Harold E. Ring, S. J., shall be Executors without Bond." The death of Frederick H. Kimball occurred on September 21, 1925. Three days later, or on September 24, 1925, his wife, Charlotte Frances Kimball died; but subsequent to her husband's death, viz., on September 22, 1925, she signed and acknowledged a document addressed to the superior court in and for the city and county of San Fran-

cisco, whereby she expressly renounced her right to act as executrix of the last will and testament of her deceased husband and appointed Charles F. Tully and Sarah J. Ring, her brother and sister, to act as administrator and administratrix, with the will annexed, of the estate of said decedent. She died two days later. Thereafter said Charles F. Tully and Sarah J. Ring filed said will for probate, together with their application to said court for the issuance of letters of administration thereon, which application, after due notice of the hearing, came on to be heard before said court on October 9, 1925, and was then heard without opposition; and at the conclusion of said hearing said will was duly admitted to probate and an order was made and entered appointing said Charles F. Tully and Sarah J. Ring administrator and administratrix, respectively, with the will annexed, of said estate; and they each thereupon duly qualified and entered upon their duties as such. On December 9, 1925, Charles H. Kimball, the appellant herein, filed his petition in said court praying for the removal of said Charles F. Tully and Sarah J. Ring as such administrator and administratrix, respectively, of said estate and the cancellation of their and each of their letters of administration and that he be appointed the executor of said will. An answer was filed to said petition and the matter came on for hearing before said court on December 17, 1925, and was then heard and submitted to said court, which, on February 5, 1926, made and entered its order denying the appellant's petition both for the removal of said respondents and for the issuance to appellant of letters testamentary as executor of the will of said decedent. From each of the aforesaid orders the appeals herein have been taken. These appeals present the contentions of the appellant herein in two aspects. The first relates to the right of said appellant to receive the appointment of executor of said will in accordance with the terms thereof. This asserted right on his part must be predicated upon the fact, if it be a fact, that Frederick H. Kimball and his wife Charlotte Frances Kimball died ''at the same time'' according to the intent and meaning of the testator as expressed in his said will. But obviously this is not the fact in so far as is disclosed by the record herein. Conceivably it might have been shown that the testator had in contem-

plation when he prepared his holographic will that his wife and he might come to their end in a common casualty and that its peculiar wording had reference to such an eventuality, in which case it would have been immaterial which died first, or even that the one survived the other for a brief period, though dying from the fatal injuries received in the common disaster. Had such a state of things been shown the appellant might have thus created a basis for his claim of right to appointment as the executor of said will. [1] But no such facts have been made to appear, and for all that this record discloses the death of the wife was in nowise connected by any causation with the death of the husband; and this being so, three days of separation between the two events would be as effectual to defeat the operation of the terms of said will as to the conditional appointment of the appellant to be the executor thereof as any longer period of intermission would have been. It follows that the appellant never attained the right to such appointment, and hence that in so far as his appeal lies from the order of the trial court denying his petition for such appointment is concerned, that portion of its order to that effect must be affirmed.

[2] The second aspect of the appellant's contentions upon these appeals is also twofold, the first relating to the correctness of the order of the trial court appointing the respondents herein administrator and administratrix, respectively, with the will annexed, of the estate of Frederick H. Kimball, deceased, and the second relating to the correctness of its subsequent order refusing to revoke said appointments upon the appellant's petition therefor. As to the first of these the appellant insists that the document executed by Charlotte Frances Kimball two days before she died was ineffectual to form the basis for the appointment of the respondents as administrator and administratrix, respectively, with the will annexed, of the estate of Frederick H. Kimball, deceased, for the reason that since Charlotte Frances Kimball had herself died before the application for such appointment by these respondents, her right of appointment died with her and hence could not suffice to form the foundation of the right of these respondents to be appointed in conformity with its nomination. The appellant presents

an interesting legal problem in relation to his foregoing con-
tention, but it is one which we do not feel called upon to
decide. Charlotte Francis Kimball, the executrix first
named in said will, having died shortly after the decease
of her husband, the testator, her right to letters testamentary
thereby ceased. But having survived her husband for a
period of time sufficient to amount to an advoidance of the
conditions of his will, which depended upon their dying
"at the same time," there remained no executrix or executor
qualified for appointment as such under said will. It would
therefore become the duty of the court wherein said docu-
ment was offered for probate to appoint some qualified per-
son or persons to receive letters of administration, with the
will annexed. The respondents made due application for
the probate of said will and for the issuance of letters of
administration with the will annexed thereon, and while in
their said application they set forth the fact of their nomina-
tion by Charlotte Frances Kimball to receive such letters, it
is to be noted that they did not pray for such appointment
of themselves, but only "that the court may make all neces-
sary and proper orders to be made in the premises." It is
also to be noted that the order of the trial court making
such appointments was a general order, which did not pur-
port upon its face to be predicated upon the aforesaid
nomination of Charlotte Frances Kimball, then deceased.
Such being its tenor it was clearly within the powers of the
court as prescribed in the sections of the Code of Civil Pro-
cedure relating to the selection of administrators with the
will annexed of testate decedents' estates (section 1426).
The respondents were qualified to receive such appointment.
The order was a valid order at the time it was made, en-
tirely regardless of the validity or invalidity of the nomina-
tion by Charlotte Frances Kimball, then deceased, of the
individuals thus selected as suitable for such appointment.
This being so, and the appellant herein, upon his later peti-
tion for the removal of the respondents and the cancellation
of their letters of administration, having made no showing
of any disqualification or of any adequate grounds for their
removal, the order of the court denying his petition therefor
was properly made. The several orders of said court ap-

pealed from should therefore be, and they are hereby, affirmed.

Seawell, J., Langdon, J., Shenk, J., Curtis, J., Preston, J., and Waste, C. J. concurred.